UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**NATHANIEL KEITH SINGLETON**  :  **CIVIL ACTION NO. 2:10-cv-0191**
  **FED. REG. NO. 34438-018**

**VERSUS**  :  **SECTION P**

  :  **JUDGE MINALDI**

**WARDEN, FCI ESTILL**  :  **MAGISTRATE JUDGE KAY**

### REPORT AND RECOMMENDATION

Nathaniel Keith Singleton, a federal prisoner in the custody of the Bureau of Prisons (BOP) who is incarcerated at the Federal Corrections Institute (FCI), Estill, South Carolina, filed a *pro se* petition for writ of *habeas corpus* in this court on February 10, 2010. Singleton utilized the form provided for prisoners attacking state court convictions pursuant to 28 U.S.C. §2254 and did not seek release from custody but rather the return of $2,880.00 in cash that was seized from him on August 29, 2006, when he was arrested and charged with various offenses by the Calcasieu Parish Sheriff's Office.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Background*

On August 29, 2006, Singleton was arrested by the Calcasieu Parish Sheriff's Office and charged with driving left of center, flight from an officer, obstruction of justice, possession of

cocaine with intent to distribute, illegal carrying of a weapon, possession of drug paraphernalia, illegal use of currency and possession of a firearm by a convicted felon. Doc. 1, att. 2, p. 2. The arresting officer seized $2,880.00 in cash from him. *Id.*

On October 25, 2006, the District Attorney of the Fourteenth Judicial District filed and served on Singleton a Notice of Pending Forfeiture pursuant to LSA R.S.40:2601 *et seq.* Doc. 1, att. 3, pgs. 1-4. On December 6, 2006, the District Attorney filed an Application for Order of Forfeiture in the Fourteenth Judicial District Court and on the same date obtained judgment of forfeiture directing the forfeiture of the money to the State of Louisiana and the Combined Anti-Drug Team. Doc. 1, att. 3, pgs. 10-24.

Singleton was charged in the United States District Court, Western District of Louisiana, Lake Charles Division, with possession of a firearm by a convicted felon, possession with intent to distribute cocaine, and possession of a firearm during a drug trafficking crime. *United States v. Singleton,* No. 2:07-cr-20102. Following trial by jury he was found guilty as charged on September 9, 2008. *Id.* On January 9, 2009 he was sentenced to serve concurrent sentences of 120 months on counts 1 and 2 and a consecutive sentence of 60 months on count 3. *Id.*

Petitioner appealed his criminal conviction arguing that the trial court erred in denying his motion to suppress. His convictions and sentences were affirmed on appeal. *United States v. Singleton,* 373 Fed. Appx. 532, 2010 WL 1626567 (5th Cir. 2010). His petition for writ of certiorari was denied by the Supreme Court on October 4, 2010. *Singleton v. United States*, 131 S.Ct. 319 (Oct. 4, 2010).

On some unspecified date Singleton corresponded with Judge Canaday of the Fourteenth Judicial District Court. In a response dated November 4, 2009, Judge Canady advised him that the criminal charges that had been lodged in the Fourteenth Judicial District Court were

dismissed by the District Attorney on May 4, 2009 "because of the 180 months you received in federal time . . . ." Doc. 1, att. 3, p. 33. As to the forfeiture issue Singleton was advised that forfeiture was accomplished via a civil proceeding independent of the criminal charges. *Id.* Judge Canaday also advised, "[i]t appears as though the appeal delays in that matter have lapsed, and the judgment is final." *Id.* In an order dated November 11, 2009, Judge Canaday denied Singleton's motion requesting return of seized property for failing to state a claim upon which relief can be granted. *Id*. at 34.

Singleton apparently filed a second motion for return of property which was denied as repetitive on December 30, 2009. *Id.* at 35. Singleton then filed the instant petition seeking, as stated above, the return of his money.

### *Law and Analysis*

Singleton seeks relief pursuant to 28 U.S.C. §2254 which provides in pertinent part, "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Singleton is in custody pursuant to the judgment of the United States District Court for the Western District of Louisiana; he is not in custody pursuant to a judgment of any State court. Therefore, petitioner has failed to state a claim for which relief may be granted pursuant to Section 2254.

Nor is Singleton entitled to relief pursuant to 28 U.S.C. §2241 because, although "[h]e is in custody under or by color of the authority of the United States" he does not contest that custody, but rather contests the validity of a civil judgment of forfeiture rendered by a Louisiana State court.

Under Louisiana law, Singleton was required to bring any action concerning the seizure and forfeiture in the civil forfeiture proceeding itself and he is now precluded from raising such a claim in any collateral action. See LSA R.S.40:2620 ("No person claiming an interest in property subject to forfeiture may commence or maintain any action against the state concerning the validity of the alleged interest other than as provided in this Chapter."); *Landry v. Town of Livingston Police Dept.*, 54 So. 3d 772, (La. App. 1 Cir, 2010).

Federal jurisprudence also prohibits such a collateral attack on the Louisiana Court's civil judgment of forfeiture. The *Rooker/Feldman* doctrine[1] prohibits federal district courts from entertaining collateral attacks on state court judgments. The doctrine imposes a jurisdictional limitation on federal court action. Further, and more to the point, the *Rooker/Feldman* doctrine applies to bar federal challenges to state forfeiture proceedings. *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir.1994) ("The *Rooker-Feldman* doctrine holds that federal district courts lack jurisdiction to entertain collateral attacks on state judgments.")

In short, Singleton seeks to collaterally attack the judgment of Louisiana's Fourteenth Judicial District Court insofar as it approved the seizure and forfeiture of his money pursuant to Louisiana law. He has failed to state a claim for which relief may be granted and dismissal on that basis is appropriate.

### *Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this 26th day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE